IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADRIAN JONES, #309-040 | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL NO. L-05-2178 |
| | : | |
| WARDEN | : | |
|     Respondent. | : | |

## MEMORANDUM

On August 10, 2005, pro se Petitioner Adrian Jones ("Jones" or "Petitioner") filed a Petition for Writ of Mandamus. No oral argument is necessary because the Court lacks jurisdiction to grant the relief requested. See Local Rule 105.6 (D. Md. 2004). For the reasons stated herein, the Court will, by separate Order, (i) GRANT Jones leave to file in forma pauperis,[1] and (ii) DENY the Petition.

### I.   BACKGROUND

Jones is a prisoner in the Maryland House of Corrections Annex in Jessup, Maryland. Without describing the nature of the appeal, the Petition states that on March 20, 2005, Jones filed an application for leave to appeal in the Court of Special Appeals of Maryland ("Court of Special Appeals"). Jones states that the Court of Special Appeals has not yet ruled on the application. On August 10, 2005, Jones filed the instant Petition, arguing that the Court of Special Appeals has violated Maryland rules by failing to rule on the application within sixty days.

### II.   ANALYSIS

In his Petition, Jones seeks an order from this Court requiring the Court of Special

---

[1] Although he has failed to provide the proper documentation, the Court will grant Petitioner leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).


SCANNED

Appeals to immediately act on his application. Because Petitioner seeks to compel certain actions by a state court, the Court concludes that the present matter is in the nature of a writ of mandamus. See 28 U.S.C. § 1361.

A federal district court has original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. A federal district court, however, has no mandamus jurisdiction over a state court or its employees and cannot compel a state respondent to provide Petitioner the relief he seeks. See generally Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586-87 (4th Cir. 1969). Accordingly, the Court will DENY Petitioner's request for mandamus relief.

### III.  CONCLUSION

For the reasons stated herein, the Court will, by separate Order, (i) GRANT Jones leave to file in forma pauperis, and (ii) DENY the Petition.

Dated this 6TH day of September, 2005.

Benson Everett Legg
Chief Judge